# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# CIVIL ACTION NO. 1:18-CV-00338-KDB

| | |
|---|---|
| DOYLE QUENTIN HENDERSON,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW M. SAUL,[1] Commissioner of Social Security,<br><br>Defendant. | ORDER |

**THIS MATTER** is before the Court on Plaintiff Doyle Quentin Henderson's Motion for Summary Judgment (Doc. No. 9) and Defendant's Motion for Summary Judgment (Doc. No. 10). Plaintiff, through counsel, seeks judicial review of an unfavorable administrative decision regarding his application for Disability Insurance Benefits ("DIB").

Having reviewed and considered the written arguments, administrative record, and applicable authority, and for the reasons set forth below, the Court finds that Defendant's decision to deny Plaintiff's Social Security benefits is not supported by substantial evidence. Accordingly, the Court will **GRANT** Plaintiff's Motion for Summary Judgment, **DENY** Defendant's Motion for Summary Judgement, **REVERSE** the Commissioner's decision, and **REMAND** this matter for further proceedings consistent with this Order.

---

[1] Andrew M. Saul is now the Commissioner of Social Security and is substituted as a party pursuant to Fed. R. Civ. P. 25(d).

1

# I. BACKGROUND

Mr. Henderson protectively filed his application for DIB on March 4, 2013.[2] (Tr. at 100; 463-66; Doc. No. 9-1, at 1).[3] His application alleged disability since October 21, 2011, (Tr. at 463), and his date last insured is December 31, 2013. (Tr. at 100). His application was initially denied on September 23, 2013 and again upon reconsideration on January 23, 2014. (Tr. at 213-29; 230-48). Mr. Henderson requested a hearing before an ALJ on March 10, 2014, which was denied on November 4, 2014. (Tr. at 344-45; 100). Mr. Henderson appealed, and the Appeals Council remanded the case to the ALJ. (Tr. at 100).

A hearing was held on June 20, 2017 before the ALJ. (Tr. at 128-53). In the ALJ's decision, he ultimately concluded that Mr. Henderson was not disabled under sections 216(i) and 223(d) of the Social Security Act and denied his application in a decision dated March 12, 2018. (Tr. at 100-17). The Appeals Council denied his request for review of the ALJ's decision. (Tr. at 1-4). The ALJ's decision now stands as the final decision of the Commissioner, and Mr. Henderson has requested judicial review.

For the reasons stated below, the Court reverses the decision of the Commissioner and remands this matter for further proceedings consistent with this Order.

---

[2] Mr. Henderson filed an application for DIB and supplemental security income ("SSI") on May 12, 2010, alleging an onset date of April 19, 2009. (Tr. at 100). This application was denied in a decision by an Administrative Law Judge ("ALJ") on October 20, 2011. (Tr. 249-65). The Appeals Council denied Mr. Henderson's request for review and this Court affirmed the decision. (Tr. at 306-20). This prior decision is therefore binding and was considered by the ALJ according to Social Security Acquiescence Ruling 00-1(4) and *Albright v. Comm'r of the Social Sec. Admin.*, 174 F.3d 473 (4th Cir. 1999).

[3] Citations to the administrative record filed by the Commissioner are designated as "Tr."

2

## II. THE COMMISSIONER'S DECISION

At step one, the ALJ concluded that Mr. Henderson had not engaged in substantial gainful activity since the alleged onset date and filing date.[4] (Tr. at 103). At step two, the ALJ concluded that Mr. Henderson had the severe impairments of spine disorder, obesity, and depression and anxiety. (Tr. at 103-04). At step three, the ALJ concluded that his severe impairments did not meet or medically equal the listed impairments within 20 C.F.R. § 404, Subpart P, app. 1. (Tr. at 104-06). At this step, the ALJ concluded that Mr. Henderson has moderate limitations in concentrating, persisting, or maintaining pace. (Tr. at 105). Before proceeding to step four, the ALJ concluded that Mr. Henderson had the residual functional capacity ("RFC") to perform light work,

> except that the claimant can only occasionally push/pull with his lower extremities, including but not limited to foot controls; the claimant can never climb ladders, ropes, or scaffolds; the claimant can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl; the claimant cannot have concentrated exposure to extreme heat or cold, vibrations, and/or hazards, such as unprotected heights and dangerous moving machinery; the claimant is limited to simple, routine repetitive tasks; the claimant's time off task can be accommodated by normal breaks; and the claimant can only have occasional interaction with the public.

(Tr. at 106). When making his RFC assessment, the ALJ considered the opinions of several sources, including a licensed clinical social worker, a consultative psychologist, and state agency medical and psychological consultants, among other sources (Tr. at 111-15), as well as Mr. Henderson's subjective statements about his symptoms. (Tr. at 106-11). The ALJ concluded at

---

[4] The ALJ followed the required five-step sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) & 404.1520(a)-(g).

step four that Mr. Henderson is unable to perform any past relevant work. (Tr. at 115). At step five, however, the ALJ concluded that there are jobs existing in significant numbers in the national economy that he can perform despite his limitations, rendering him ineligible for DIB. (Tr. at 115-16). The vocational expert ("VE") testified that given the limitations ultimately included in the RFC determination, Mr. Henderson would still be able to perform jobs such as checker I, inspector/hand packager of plastic parts, and assembler of small products I/bench assembler. (Tr. at 116; 144-47). The Appeals Council denied review and Mr. Henderson has appealed to this Court pursuant to 42 U.S.C. § 405(g). (Tr. at 1-4; Doc. No. 9).

### III. LEGAL STANDARD

The Social Security Act, 42 U.S.C. § 405(g) and § 1383(c)(3), limits this Court's review of a final decision of the Commissioner to (1) whether substantial evidence supports the Commissioner's decision, *Richardson v. Perales*, 402 U.S. 389, 401 (1971), and (2) whether the Commissioner applied the correct legal standards. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *see also Hunter v. Sullivan*, 993 F.2d 31, 34 (4th Cir. 1992) (per curiam). The District Court does not review a final decision of the Commissioner de novo. *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986); *King v. Califano*, 599 F.2d 597, 599 (4th Cir. 1979); *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The Social Security Act provides that "[t]he findings of the [Commissioner] as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). In *Smith v. Heckler*, 782 F.2d 1176, 1179 (4th Cir. 1986) (quoting *Perales*, 402 U.S. at 401), the Fourth Circuit defined "substantial evidence" thus:

> Substantial evidence has been defined as being "more than a scintilla and do[ing] more than creat[ing] a suspicion of the existence of a fact to be established. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*See also Seacrist v. Weinberger*, 538 F.2d 1054, 1056-57 (4th Cir. 1976) ("We note that it is the responsibility of the [Commissioner] and not the courts to reconcile inconsistencies in the medical evidence.").

The Fourth Circuit has long emphasized that it is not for a reviewing court to weigh the evidence again, nor to substitute its judgment for that of the Commissioner, assuming the Commissioner's final decision is supported by substantial evidence. *Hays*, 907 F.2d at 1456; *see also Smith*, 795 F.2d at 345; *Blalock*, 483 F.2d at 775. This is true even if the reviewing court disagrees with the outcome—so long as there is "substantial evidence" in the record to support the final decision below. *Lester v. Schweiker*, 683 F.2d 838, 841 (4th Cir. 1982).

## IV. DISCUSSION

Mr. Henderson argues that the ALJ violated the standards articulated in *Mascio v. Colvin*, 780 F.3d 632 (4th Cir. 2015), when conducting the RFC assessment. (Doc. No. 9-1, at 13-15). The ALJ is solely responsible for assessing a claimant's RFC. 20 C.F.R. §§ 404.1546(c) & 416.946(c). In making that assessment, the ALJ must consider the functional limitations resulting from the claimant's medically determinable impairments. Social Security Ruling ("SSR") 96-8p. The ALJ must also "include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." *Id.*

Plaintiff has the burden of establishing his RFC by showing how his impairments affect his functioning. *See* 20 C.F.R. §§404.1512(c) & 416.912(c); *see also, e.g., Stormo v. Barnhart*, 377 F.3d 801, 806 (8th Cir. 2004) ("The burden of persuasion . . . to demonstrate RFC remains on the claimant, even when the burden of production shifts to the Commissioner at step five."); *Plummer v. Astrue*, No. 5:11-cv-06-RLV-DSC, 2011 WL 7938431, at *5 (W.D.N.C. Sept. 26, 2011) (Memorandum and Recommendation) ("The claimant bears the burden of providing evidence

5

establishing the degree to which her impairments limit her RFC."), *adopted*, 2012 WL 1858844 (May 22, 2102), *aff'd*, 487 F. App'x 795 (4th Cir. Nov. 6, 2012).

In *Mascio*, the Fourth Circuit held that "remand may be appropriate . . . where an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." *Mascio*, 780 F.3d at 636 (quoting *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013)). This explicit function-by-function analysis is not necessary when functions are irrelevant or uncontested.

The *Mascio* Court also "agree[d] with other circuits that an ALJ does not account 'for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work.'" *Id.* at 638 (quoting *Winschel v.Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011) (joining the Third, Seventh, and Eighth Circuits)); *see also* SSR 96-8p (explaining that the mental RFC evaluation before steps 4 and 5 "requires a more detailed assessment by itemizing various functions" than the assessment under step 2). This is because "[t]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence or pace." *Id.*

After finding at step three that Mr. Henderson had moderate limitations "[w]ith regard to concentrating, persisting, or maintaining pace," (Tr. at 105), the ALJ determined that Mr. Henderson was limited to "simple, routine, repetitive tasks; the claimant's time off task can be accommodated by normal breaks; and the claimant can only have occasional interaction with the public." (Tr. at 106). Even if this portion of the RFC assessment was supported by substantial evidence, a limitation to work with simple, routine, repetitive work, without more, "does not account for a claimant's limitation in concentration, persistence [or] pace." *Mascio*, 780 F.3d at

638 (internal quotation marks omitted). *See also Parham v. Colvin*, No. 1:15-CV-063-GCM-DCK, 2016 WL 4523475 (W.D.N.C. August 8, 2016), *Kittrell v. Colvin*, No. 5:14-cv-163-RJC, 2016 WL 1048070 (W.D.N.C. March 6, 2016), *Newton v. Colvin*, No. 3:14-cv-371-RJC-DSC, 2015 WL 4411110, at *3 (W.D.N.C. July 20, 2015); *Scruggs v. Colvin*, No. 3:14-cv-00466-MOC, 2015 WL 2250890, at *4-5 (W.D.N.C. May 13, 2015). The ALJ has failed to assess the extent to which Mr. Henderson can maintain concentration, persistence, or pace throughout a full eight-hour workday. *See Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (discussing the requirement that ALJ's consider *the extent* to which a claimant can perform a type of activity). Furthermore, the ALJ's additional determination that Mr. Henderson is limited to work requiring only occasional interaction with the public and that time off task can be accommodated by normal breaks does not render the assessment sufficient under *Mascio*: "[p]erhaps the ALJ can explain why [Plaintiff's] . . . limitation in concentration, persistence, or pace . . . does not translate into a limitation in his residual functional capacity . . . . But because the ALJ here gave no explanation, a remand is in order." *Id.* (citation omitted).

By ordering remand pursuant to sentence four of 42 U.S.C. § 405(g), the Court does not forecast a decision on the merits of Mr. Henderson's application for disability benefits. *See Patterson v. Comm'r of Soc. Sec. Admin.*, 846 F.3d 656, 663 (4th Cir. 2017). "Under § 405(g), 'each final decision of the Secretary [is] reviewable by a separate piece of litigation,' and a sentence-four remand order 'terminate[s] the civil action' seeking judicial review of the Secretary's final decision." *Shalala v. Schaefer*, 509 U.S. 292, 299 (1993) (alternation in original) (emphasis omitted) (quoting *Sullivan v. Finkelstein*, 496 U.S. 617, 624-25 (1990)).

Because remand is required on this issue, the Court finds it unnecessary to discuss Mr. Henderson's other arguments on appeal.

## V. ORDER

Plaintiff's Motion for Summary Judgment (Doc. No. 9) is **GRANTED**; Defendant's Motion for Summary Judgment (Doc. No. 10) is **DENIED**; and the Commissioner's decision is **REVERSED.** This matter is **REMANDED** for a new hearing pursuant to Sentence Four of 42 U.S.C. § 405(g).[5]

**SO ORDERED.**

Signed: January 16, 2020

Kenneth D. Bell
United States District Judge

---

[5] Sentence Four authorizes "a judgment affirming, modifying, or reversing the decision . . . with or without remanding the cause for a rehearing." *Sullivan*, 496 U.S. 617, 625 (1990).